| UNITED STATES BANKRUPTCY COURT | Return Date: August 10, 2010 |
| SOUTHERN DISTRICT OF NEW YORK | Return Time: 10:00 A.M. |

---------------------------------X

In re:

**DARIUSZ & BARBARA TARASIEWICZ,**

        Debtors.

---------------------------------X

Chapter 7

Case No. 08-23858 (RDD)

### APPLICATION FOR AN ORDER APPROVING PRIVATE SALE PURSUANT TO 11 U.S.C. § 363 OF DEBTOR BARBARA TARASIEWICZ' 42% INTEREST IN REAL PROPERTY

**TO THE HONORABLE ROBERT D. DRAIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

      The application of Mark S. Tulis, the trustee herein (the "Trustee"), by and through his attorneys, Oxman Tulis Kirkpatrick Whyatt & Geiger LLP ("Applicant"), respectfully represents:

      1.     On December 22, 2008, Dariusz & Barbara Tarasiewicz, the debtors herein (the "Debtors"), filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code (the "Code").

      2.     Mark S. Tulis is the qualified and duly appointed Chapter 7 Trustee in this case, pursuant to 11 U.S.C. § 701(1)(a).

      3.     The Trustee has received an offer of Ten Thousand ($10,000.00) Dollars from Linda A. Hecht ("Ms. Hecht") of 147 Strawtown Road, New City, New York 10956, to purchase the Debtor, Barbara Tarasiewicz' ("Ms. Tarasiewicz") 42% interest in real property known as 16 Boulderberg Road, Tomkins Cove, New York 10986 (the "Property").

      4.     Ms. Tarasiewicz' ownership of the Property was not disclosed to the Trustee or in the schedules and the Trustee only became aware of Ms. Tarasiewicz' ownership due to Ms. Hecht's information.

5. The Property consists of a single family home which is co-owned by Ms. Hecht and Ms. Tarasiewicz. Ms. Hecht owns 58% of the Property and Ms. Tarasiewicz owns 42%.

6. The Trustee intends to accept the offer, subject to higher and better offers, on the following conditions: 1) The Property is to be sold "as is"; 2) Closing is to occur no later than August 30, 2010; 3) The deed conveyed is to be a Trustee's deed without covenants.

7. Pursuant to 11 U.S.C. §363(b)(1), the Trustee is authorized to sell the Property outside the normal course of business.

8. The Trustee has identified no interest in the Property, other than the estate's, which could not be compelled to accept money satisfaction in a legal or equitable proceeding.

9. The Property is being sold subject to all liens and encumbrances. Thus, the proceeds will all be used to pay creditors.

10. The Trustee believes the sale is fair and reasonable and is in the best interest of the estate and should be approved by the Court. There is no equity in the Property and based on the Trustee's opinion, after inspecting the Property, it is unmarketable in its present condition and is in need of capital improvements in order to sell. In fact, the offeror has advanced over One Million ($1,000,000.00) Dollars to maintain the Property.

11. The Trustee believes that the amount garnered through a public sale, less costs of holding such a sale, including advertising, use and occupancy, auctioneer's fees and other expenses, would be less than the amount offered by Ms. Hecht.

12. With respect to the sale of the Property as described above, and under the terms set forth herein, there will be funds available for the estate and for unsecured creditors.

13. The Trustee has considered the probabilities of success, questions of collectability, the complexity, expense, inconvenience and delay of continued litigation, as well as the paramount interest of creditors, and the cost and further delay of holding a public sale of the Property.

14. The Trustee has affirmatively represented to all prospective purchasers, including Linda A. Hecht and her counsel, that any acceptance is subject to higher and better offers, in increments of Five Hundred ($500.00) Dollars minimum, and the approval of the Court.

15. The Trustee requests that the Court sign an order approving the sale of the Property described above.

16. As no novel issues of law are presented herein, it is respectively requested that a Memorandum of Law not be submitted herewith.

**WHEREFORE**, it is respectfully requested that the relief sought herein be granted, together with such other and further relief as the Court finds fair and equitable.

Dated: White Plains, New York
June 10, 2010

> Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP
> Attorneys for the Trustee
>
> /s/ Mark S. Tulis
> By: Mark S. Tulis (MT4736)
> 120 Bloomingdale Road
> White Plains, New York 10605
> (914) 422-3900